15446

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN VETTERLY, JR.<br>JOHN BARANSKI | Criminal No. 13-266<br>(18 U.S.C. § 371 and<br>29 U.S.C. § 501(c)) |

**INDICTMENT**

COUNT ONE

The grand jury charges that:

GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Columbia Gas of Pennsylvania, with headquarters in Canonsburg, Pennsylvania, was an energy-distribution company that provided natural gas to thousands of customers throughout the Western District of Pennsylvania.

2. Columbia Gas of Pennsylvania was a party to a collective bargaining agreement with the labor organization, Utility Workers Union of America AFL-CIO Local 475 (hereinafter "Local 475").

3. Local 475 was a labor organization engaged in an industry affecting commerce within the meaning of Sections 402(i) and 402(j) of Title 29, United States Code.

4. The defendant, JOHN VETTERLY, JR., was the President of Local 475.

5. The defendant, JOHN BARANSKI, was the Secretary-Treasurer of Local 475.

6. Union officers were entitled to lost time payments from union funds only when officers took unpaid time from work during regular scheduled work hours to conduct union business.

7. Union officers were entitled to reimbursement of expenses from union funds only for authorized expenses incurred in furtherance of union business.

8. Local 475 held one checking account at National City Bank. Two union officers' signatures were required on every check. As President and Secretary-Treasurer, the defendants, JOHN VETTERLY, JR. and JOHN BARANSKI, were signatories to the checking account.

THE CONSPIRACY AND ITS OBJECTS

9. From in and around May, 2006, and continuing to in and around December, 2008, the defendants, JOHN VETTERLY, JR. and JOHN BARANSKI, in the Western District of Pennsylvania, did knowingly and willfully conspire, combine, confederate and agree together and with each other to commit offenses against the United States, that is:

(a) to embezzle, steal, and unlawfully and willfully abstract and convert to the defendants' own use monies, funds, property and assets of Local 475, in violation of Title 29, United States Code, Section 501(c); and

(b) to willfully make a false entry in and willfully conceal, withhold, and destroy books, records, reports, or statements required to be kept under Title 29, United States Code, Section 439(c).

MANNER AND MEANS OF THE CONSPIRACY

10. It was a part of the conspiracy that on repeated occasions during the period from in and around May, 2006, and continuing to in and around December, 2008, the defendants, JOHN VETTERLY, JR. and JOHN BARANSKI, issued or caused to be issued unauthorized union checks to each of them for reimbursement for lost time when in fact no work time was taken off.

11. It was further a part of the conspiracy that on repeated occasions during the period from in and around May, 2006, and continuing to in and around December, 2008, the defendants, JOHN VETTERLY, JR. and JOHN BARANSKI, issued or caused to be issued unauthorized union checks payable to the defendant, JOHN VETTERLY, JR., and Comcast for reimbursement for unauthorized expenses of the defendant, JOHN VETTERLY, JR., which unauthorized expenses consisted of cellular telephone use of family members of the defendant, JOHN VETTERLY, JR., and cable television for the residence of the defendant, JOHN VETTERLY, JR.

12. It was further a part of the conspiracy that on two occasions during the period from in and around May, 2006, and continuing to in and around December, 2008, the defendants, JOHN

VETTERLY, JR. and JOHN BARANSKI, issued or caused to be issued unauthorized union checks payable to JOHN BARANSKI for reimbursement for unauthorized expenses, which unauthorized expenses consisted of restaurant dinners for the defendants, JOHN VETTERLY, JR. and JOHN BARANSKI, their wives and others.

13. It was further a part of the conspiracy that on repeated occasions during the period from in and around May, 2006, and continuing to in and around December, 2008, the defendant, JOHN VETTERLY, JR., submitted false and fraudulent claims to the defendant, JOHN BARANSKI, for unauthorized lost time and unauthorized expenses.

14. In furtherance of the conspiracy, and to effect the objects of the conspiracy, the defendants, JOHN VETTERLY, JR. and JOHN BARANSKI, did commit, and cause to be committed, the overt acts listed below, among others, in the Western District of Pennsylvania.

15. On or about the following dates and in the amounts listed below, the defendant, JOHN VETTERLY, JR., endorsed and cashed union checks payable to himself for reimbursement for lost time, well knowing that he did not take off work for union business and that he was not entitled to such payments:

| Date | Check Number | Amount |
|---|---|---|
| 05/22/06 | 2081 | $287.52 |
| 12/18/06 | 2188 | $575.04 |
| 04/09/07 | 2247 | $593.96 |

| | | |
|---|---|---|
| 10/9/08 | 2453 | $476.94 |

16. On or about the following dates and in the amounts listed below, the defendant, JOHN BARANSKI, endorsed and cashed union checks payable to himself for reimbursement for lost time, well knowing that he did not take off work for union business and that he was not entitled to such payments:

| Date | Check Number | Amount |
|---|---|---|
| 05/15/06 | 2075 | $144.40 |
| 07/31/07 | 2292 | $228.08 |
| 03/30/08 | 2386 | $615.08 |
| 04/28/08 | 2402 | $456.72 |

17. On or about the following dates and in the amounts listed below, the defendant, JOHN VETTERLY, JR., endorsed and cashed, or caused to be endorsed and cashed, union checks payable to himself or Comcast for reimbursement of unauthorized union expenses, well knowing that such expenses were for cellular telephone use of his family members or for cable television at his residence, and that he was not entitled to such payments:

| Date | Check Number | Amount | Payee |
|---|---|---|---|
| 05/19/06 | 2076 | $288.86 | Comcast |
| 06/21/06 | 2090 | $743.52 | Vetterly |
| 07/20/07 | 2282 | $366.09 | Vetterly |
| 12/03/07 | 2334 | $189.50 | Comcast |

18. On or about the following dates and in the amounts listed below, the defendant, JOHN BARANSKI, endorsed and cashed union checks payable to himself for reimbursement for restaurant dinners for the defendants, JOHN VETTERLY, JR. and JOHN BARANSKI, their wives and others, well knowing that such dinners were not authorized by the union and that he was not entitled to such payments:

| Date | Check Number | Amount |
|---|---|---|
| 01/17/08 | 2358 | $456.57 |
| 12/29/08 | 2486 | $232.31 |

19. On or about the following dates and in the amounts listed below, the defendant, JOHN VETTERLY, JR., submitted false and fraudulent claims to the defendant, JOHN BARANSKI, for unauthorized lost time and unauthorized expenses:

| Date | Amount | Claim |
|---|---|---|
| 11/09/07 | $708.36 | Lost Time |
| 12/11/08 | $859.00 | Verizon Wireless |

In violation of Title 18, United States Code, Section 371.

COUNT TWO

The grand jury further charges that:

During the period from in and around February, 2006, and continuing to in and around December, 2008, in the Western District of Pennsylvania, the defendant, JOHN VETTERLY, JR., while the President of the Utility Workers Union of America AFL-CIO Local 475, a labor organization engaged in an industry affecting interstate commerce within the meaning of Sections 402(i) and (j) of Title 29, United States Code, did embezzle, steal and unlawfully and willfully abstract and convert to his own use approximately $26,605.70 of the monies, funds, property and assets of said labor organization, that is the defendant, JOHN VETTERLY, JR., issued and cashed, or caused to be issued and cashed, union checks for unauthorized lost time payments and unauthorized expenses.

In violation of Title 29, United States Code, Section 501(c).

COUNT THREE

The grand jury further charges that:

During the period from in and around May, 2006, and continuing to in and around December, 2008, in the Western District of Pennsylvania, the defendant, JOHN BARANSKI, while the Secretary-Treasurer of the Utility Workers Union of America AFL-CIO Local 475, a labor organization engaged in an industry affecting interstate commerce within the meaning of Sections 402(i) and (j) of Title 29, United States Code, did embezzle, steal and unlawfully and willfully abstract and convert to his own use approximately $4,246.60 of the monies, funds, property and assets of said labor organization, that is the defendant, JOHN BARANSKI, issued and cashed, or caused to be issued and cashed, union checks for unauthorized lost time payments and unauthorized expenses.

In violation of Title 29, United States Code, Section 501(c).

A True Bill,

FOREPERSON

DAVID J. HICKTON
United States Attorney
PA ID No. 34524